# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30122
Summary Calendar

KENNETH JOHNSON

Plaintiff-Appellant

v.

CONNIE MOORE, Warden; TOM DESPORT, Warden; WANDA MATTHEWS,
Sergeant; RICHARD STALDER, SECRETARY, DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-49

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth Johnson appeals the dismissal of his 42 U.S.C. § 1983 complaint.
The district court dismissed Johnson's suit because he had failed to exhaust his
administrative remedies. The district court also certified that Johnson's appeal
was not taken in good faith. Pursuant to *Baugh v. Taylor*, 117 F.3d 197, 202
(5th Cir. 1997), Johnson challenges the district court's certification decision and
requests that this court grant him authorization to proceed IFP on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Prison Litigation Reform Act (PLRA) imposes specific filing requirements on prisoners who seek to file civil actions regarding prison conditions; one such requirement is that administrative remedies first be exhausted. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); 42 U.S.C. § 1997e. Section 1997e(a) specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (observing that exhaustion of all administrative remedies is mandatory). When challenged by the defendants' motion for summary judgment, Johnson did not dispute the defendants' evidence that he had not complied with prison procedure and thus had not exhausted his administrative remedies. Consequently, summary judgment in the defendants' favor was proper. *See* FED R. CIV. P. 56 (c).

Johnson fails to demonstrate that he has a nonfrivolous issue that this court may consider on appeal. *See Baugh*, 117 F.3d at 202. Consequently, his motion to proceed IFP on appeal is denied, and this appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.